**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Alvano FLORES–MENDOZA, aka Alvaro Flores–Mendoza aka Jose Alfredo Flores–Mendoza aka Jose Cortez aka Flores Alvano Mendoza, Defendant—Appellant.**

No. 01–10266.

D.C. No. CR–00–01550–JMR.

United States Court of Appeals, Ninth Circuit.

Submitted, Feb. 5, 2002 *.

Decided March 11, 2002.

Before CHOY, FERGUSON and BOOCHEVER, Circuit Judges.

## MEMORANDUM **

Flores–Mendoza was convicted of illegal reentry after deportation. He received a sentence of 40 months imprisonment followed by 36 months of supervised release and a special assessment of $100.00. As part of his plea agreement, he waived his right to appeal. He now contends "that there was no discussion during the plea proceedings referring specifically to the

argument before the IJ or the BIA, Rodas–Mendoza has waived it and cannot raise it before this Court.").

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

waiver of the appeal of his sentence. The court merely referred to the written plea agreement." The court, however, stated:

"Do you understand that once the plea agreement is accepted or you were to accept the Judge's proposed modification, if one of those things happens, you lose your right to appeal the conviction, as well as any sentence that might be imposed?" Flores–Mendoza answered "Yes."

Because the record clearly indicates that Flores–Mendoza understood the significance of the appellate waiver, and he presents no valid argument why it should not be given effect, his appeal is dismissed.

Counsel's request to withdraw from further representation of the appellant in this matter is granted.

APPEAL DISMISSED.